Case 1:08-cv-02617-JG-VVP   Document 1   Filed 06/30/08   Page 1 of 4 PageID #: 1

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★  JUN 30 2008  ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
ANTHONY FAHME on behalf of himself and all others similarly situated

                      Plaintiff,

    -against-

LHR INC.

                      Defendant.
-----------------------------------------------------------

**CV-08 2617**

**COMPLAINT**

**GLEESON, J.**

**MATSUMOTO, M.J.**

Plaintiff, by and through his attorney, Adam J. Fishbein, as and for his complaint alleges as follows:

### INTRODUCTION

0.1    This is an action for damages brought by an individual consumer for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### PARTIES

0.2    Plaintiff is a natural person residing in Kings County, New York.

0.3    Upon information and belief, defendant is a corporation debt collector as defined pursuant to 15 U.S.C. § 1692a(6) with its principal place of business in Hamburg, Erie County, New York.

### JURISDICTION

0.4    This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331.

### AS AND FOR A FIRST CAUSE OF ACTION

1.1    Plaintiff realleges paragraphs 0.1 through 0.4 as if fully restated herein.

1.2    That a personal debt was allegedly incurred by the plaintiff to Bank of America.

1.3     That at a time unknown to the plaintiff herein, the aforementioned debt was referred to the defendant for collection.

1.4     The defendant sent a letter to the plaintiff on or about April 14, 2008.

1.5     On or about April 30, 2008 one of the defendant's representatives attempted to contact the plaintiff at the plaintiff's father's home.

1.6     Upon information and belief, the call was placed to the father's home after the defendant has left a message for the plaintiff on the plaintiff's answering machine.

1.7     The plaintiff received a message from the defendant on his home telephone answering machine on April 30, 2008 at about 9:45 a.m.

1.8     Upon information and belief, it was Robert Haney that contacted the plaintiff's father's home.

1.9     Robert Haney had no basis to contact the plaintiff's father's home as the defendant has plaintiff's contact information.

1.10    The plaintiff first learned that the defendant had contacted his father's home.

1.11    The plaintiff's friend called back the defendant to determine what the matter was concerning.

1.12    The plaintiff's friend called because the plaintiff has experienced much distress and stress over his poor financial condition.

1.13    The plaintiff did not learn about the message left for the plaintiff until after the plaintiff's friend contacted the defendant.

1.14    The plaintiff's friend indicated to the collector, Robert Haney, that the plaintiff was represented by counsel.

1.15    The plaintiff's friend gave Robert Haney the plaintiff's attorney's name and telephone number.

1.16    The plaintiff then spoke with the collector to confirm that the collector should cease and desist from calling the plaintiff.

1.17    Robert Haney acted illegally by not terminating the telephone call once he learned

that the plaintiff was represented by counsel and given plaintiff's counsel's name and address.

1.18   After Haney had plaintiff's attorney's contact information, Haney still proceeded to ask the plaintiff if he was paying the debt.

1.19   Defendant violated 15 U.S.C. § 1692c by continuing to attempt to collect the debt after Haney was put on notice that the plaintiff was represented by counsel.

1.20   The plaintiff has been through a difficult time financially.

1.21   The plaintiff has suffered much stress from being contacted by debt collectors.

1.22   To be confronted by the collector and questioned about payment when the collector knew that the plaintiff was represented by counsel only added to the plaintiff's distress.

1.23   That as a result of the above violations, defendant is liable to the plaintiff for statutory damages and actual damages in an amount to be determined at the time of trial, plus costs and attorney's fees.

1.24   Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   (a)   Defendant violated 15 U.S.C. § 1692c by communicating with the consumer after having notice that the consumer was represented by counsel.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant in the amount of:

   (a)   Statutory and actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial.

   (b)   Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

   (c)   For such other and further relief as may be just and proper.

Dated: Cedarhurst, New York
June 24, 2008

_____
Adam J. Fishbein (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein (AF-9508)

4